**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan
505 Northern Blvd., Suite 311
Great Neck, NY 11021
Telephone: (516) 303-0552
Facsimile: (516) 234-7800
*spencer@spencersheehan.com*

United States District Court
Southern District of New York                                   1:19-cv-11878-GHW

---

Michael Williams, individually and on
behalf of all others similarly situated,

                              Plaintiff,

                - against -                                     Class Action Complaint

Krispy Kreme Doughnut Corporation,

                              Defendant

---

        Plaintiff by attorneys alleges upon information and belief, except for allegations pertaining

to plaintiff, which are based on personal knowledge:

        1.      Krispy Kreme Doughnut Corporation ("defendant") manufactures, distributes,

markets, labels and sells single serving apple pies under their Krispy Kreme brand ("Products").

        2.      The Products are available to consumers from retail and online stores of third-parties

and are sold in sizes of 4 OZ (113.4g).

        3.      The Product's relevant front label representations include "Krispy Kreme

Doughnuts," "Glazed Apple Pie," "Original Glazed Flavoring," "Made with Real Fruit Filling and

Other Natural Flavors," pictures of what appear to be whole and cut Granny Smith apples and the

pie filling visible in the two halves of the pie.



4.     The back panel includes required information such as the Nutrition Facts, ingredient list and contact and production information.



## I.  The Products are Misleading Because they Contain Artificial Flavors

5.     The Product's representations are misleading because despite the front label and advertising indicating they are "Made with Real Fruit Filling and Other Natural Flavors" and "Original Glazed Flavoring," they fail to disclose that the fruit filling and/or glaze contains artificial flavor (1) which imparts flavor to the fruit filling and/or glaze and/or (2) resembles,

simulates or enhances the natural flavor used to impart flavor to the fruit filling and/or glaze.

INGREDIENTS: ENRICHED FLOUR (WHEAT FLOUR, NIACIN, REDUCED IRON, THIAMINE MONONITRATE, RIBOFLAVIN, FOLIC ACID), HIGH FRUCTOSE CORN SYRUP, WATER, PALM OIL & FRACTIONATED PALM OIL, SUGAR, EVAPORATED APPLES TREATED WITH SULFUR DIOXIDE TO PRESERVE COLOR, CONTAINS LESS THAN 2% OF EACH OF THE FOLLOWING: FOOD STARCH-MODIFIED, SALT, PRESERVATIVES (SODIUM PROPIONATE, SODIUM BENZOATE, POTASSIUM SORBATE, CITRIC ACID), CORN STARCH, XANTHAN GUM, WHEAT FLOUR, MALTED BARLEY FLOUR, CINNAMON, DEXTROSE, CALCIUM CARBONATE, PROPYLENE GLYCOL, AGAR-AGAR, TITANIUM DIOXIDE COLOR, NATURAL & ARTIFICIAL FLAVORS, CORN SYRUP, POLYSORBATE 80, GLYCERINE, MONO- AND DIGLYCERIDES, SORBITAN MONOSTEARATE, CARAMEL COLOR, SOY LECITHIN.

6.     "Natural flavor" refers to "the essential oil, oleoresin, essence or extractive…which contains the flavoring constituents" from a natural source such as plant material and can refer to combinations of natural flavors. *See* 21 C.F.R. § 101.22(a)(3).

7.     "Artificial flavor" is any substance whose function is to impart flavor that is not derived from a natural source.  *See* 21 C.F.R. § 101.22(a)(1).

8.     Because consumers prefer natural flavors to artificial flavors, and natural flavors are more expensive than artificial flavors, their manner of usage is required to be disclosed to consumers in a way that is not misleading.  *See* 21 C.F.R. § 101.22.

| <u>Flavor Conditions</u> | <u>Flavor Labeling Requirements</u> |
| --- | --- |
| A statement of artificial flavoring, artificial coloring, or chemical preservative shall be | 21 C.F.R. § 101.22(c) |

3

placed on the food or on its container or wrapper, or on any two or all three of these, as may be necessary to render such statement likely to be read by the ordinary person under customary conditions of purchase and use of such food.

| | |
|---|---|
| No artificial flavor which simulates, resembles or reinforces the characterizing flavor | "vanilla"<br><br>21 C.F.R. § 101.22(i)(1) |
| If the food is (1) expected to contain characterizing food ingredient e.g., strawberries in "strawberry shortcake" and (2) contains natural flavor derived from such ingredient and (3) an amount of characterizing ingredient insufficient to independently characterize the food<br><br>If the food is (1) expected to contain characterizing food ingredient e.g., strawberries in "strawberry shortcake" and (2) contains natural flavor derived from such ingredient and (3) the food contains no such ingredient | the name of the characterizing flavor may be immediately preceded by the word "natural" and shall be immediately followed by the word "flavored," e.g., "natural strawberry flavored shortcake," or "strawberry flavored shortcake"<br><br>21 C.F.R. § 101.22(i)(1)(i) |
| If none of the natural flavor in the food is derived from the product whose flavor is simulated | "artificially flavored"<br><br>21 C.F.R. § 101.22(i)(1)(ii) |
| If the food contains a characterizing flavor from the product whose flavor is simulated and other natural flavor which simulates, resembles or reinforces the characterizing flavor | "natural strawberry flavored shortcake with other natural flavors" or "strawberry shortcake with other natural flavors"<br><br>21 C.F.R. § 101.22(i)(1)(iii); 21 C.F.R. § 101.22(i)(1); 21 C.F.R. § 101.22(i)(1)(i) |
| If the food contains any artificial flavor which simulates, resembles or reinforces the characterizing flavor | "artificially flavored strawberry" or "grape artificially flavored"<br>21 C.F.R. § 101.22(i)(2) |

9.   It would not be required to declare "artificial flavor" on the front label if the artificial flavor did not contribute to the central features of the Product – the glazed coating and the fruit

filling.

10.    If the Product's "Artificial Flavor" simulates, resembles or reinforces the characterizing "Natural Flavor" of apples (pie filling), it is misleading to omit reference to the artificial flavor in the statement accompanying the name of the food, "Glazed Apple Pie."

11.    A truthful and non-misleading statement would be "Made with Real Fruit Filling and Natural and Artificial Flavors" or "Made with Real Fruit Filling, Naturally and Artificially Flavored" instead of "Made with Real Fruit Filling and Other Natural Flavors." *See* 21 C.F.R. § 101.22(i)(2).

12.    If the Product's "Artificial Flavor" is actually part of the "Glazed Flavoring" and not related to the apple ingredients, it is misleading to omit that the glazed flavoring tastes the way it does due to artificial flavor and to identify the Product as "Glazed Apple Pie" as opposed to "Artificially Flavored Glazed Apple Pie." *See* 21 C.F.R. § 101.22(i)(2).

13.    Consumers expect that where a product identifies "original glazed flavoring," that flavor will be supplied by natural flavors instead of artificial flavors.

14.    However, the Product is misleading because it does not disclose the glazed flavoring is the result of artificial flavor.

15.    The other label elements – "Made with Real Fruit Filling," "Other Natural Flavors," pictures of the apples and the term "Original" preceding "Glazed Flavoring" gives reasonable consumers the impression that the glazed flavoring does not contain artificial flavors, when this is not accurate.

## II.  Conclusion

16.    Whether or not a flavor is from a natural or artificial source and the role of a natural and artificial flavor in a food are material to consumers seeking to eschew artificial flavors for

various reasons – nutrition, health, avoidance of chemicals.

17.    Had plaintiff and class members known the truth, they would not have bought the Product or would have paid less for it.

18.    The Product contains other representations which are misleading and deceptive.

19.    As a result of the false and misleading labeling, the Product is sold at a premium price, approximately no less than $2.99 per 4 OZ, excluding tax – compared to other similar products represented in a non-misleading way.

<u>Jurisdiction and Venue</u>

20.    Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act of 2005 or "CAFA").

21.    Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

22.    Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

23.    This is a reasonable assumption because defendant's Products are sold in thousands of stores across all 50 states and have been sold bearing the allegedly misleading claims for several years.

24.    Plaintiff Michael Williams is a citizen of New York.

25.    Defendant Krispy Kreme Doughnut Corporation is a North Carolina corporation with a principal place of business in Winston-Salem, Forsyth County, North Carolina and is a citizen of North Carolina.

26.    This court has personal jurisdiction over defendants because it conducts and transacts

business, contracts to provide and/or supply and provides and/or supplies services and/or goods within New York.

27.   Venue is proper because plaintiff and many class members reside in this District and defendants do business in this District and State.

28.   A substantial part of events and omissions giving rise to the claims occurred in this District.

Parties

29.   Plaintiff Michael Williams is a citizen of Bronx County, New York.

30.   Defendant Krispy Kreme Doughnut Corporation is a North Carolina corporation with a principal place of business in Winston-Salem, North Carolina, Forsyth County.

Class Allegations

31.   The classes will consist of all consumers in New York, the other 49 states and a nationwide class where applicable.

32.   Common questions of law or fact predominate and include whether defendant's representations and practices were likely to harm plaintiff and if plaintiff and class members are entitled to damages.

33.   Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive actions.

34.   Plaintiff is an adequate representative because his interests do not conflict with other members.

35.   No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

36.   Individual actions would risk inconsistent results, be repetitive and are impractical

7

to justify, as the claims are modest relative to the scope of the harm.

37.    Plaintiff's counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

38.    Plaintiff seeks class-wide injunctive relief because the practices continue.

New York GBL §§ 349 & 350<br>(Consumer Protection from Deceptive Acts)

39.    Plaintiff incorporates by reference all preceding paragraphs.

40.    Plaintiff and class members desired to purchase products which were as described by defendant and expected by reasonable consumers, given the product type.

41.    Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

42.    Defendant's conduct was misleading, deceptive, unlawful, fraudulent, and unfair because it gives the impression to consumers the Products contain only natural flavors.

43.    Plaintiff and class members relied on the representations and paid more for the Products as a result of what defendant stated about the Products.

44.    Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

Negligent Misrepresentation

45.    Plaintiff incorporates by reference all preceding paragraphs.

46.    Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Products through representing they only contained natural flavors and that if it contained artificial flavors, they did not provide flavor to, nor resemble, enhance or simulate, the glaze and/or the fruit filling.

47.    Defendant had a duty to disclose and/or provide non-deceptive labeling of the

Product and its components and ingredients, and knew or should have known same were false or misleading.

48.    This duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and/or sale of the product or service type.

49.    The representations took advantage of consumers' (1) cognitive shortcuts made at the point-of-sale and (2) trust placed in defendant, a well-known and respected brand in this sector.

50.    Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Products.

51.    Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

<u>Breaches of Express Warranty, Implied Warranty of Merchantability and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.</u>

52.    Plaintiff incorporates by reference all preceding paragraphs.

53.    Defendant manufactures and sells products which purport to contain apples and glaze coating and that these components only contained flavor derived from natural sources.

54.    The Products warranted to Plaintiff and class members that they possessed substantive, functional, nutritional, qualitative, compositional, organoleptic, sensory, physical and other attributes which they did not due to the presence or absence of the aforementioned ingredient, artificial flavor.

55.    Defendant had a duty to disclose and/or provide a non-deceptive description and identification of the Products.

56.    This duty is based, in part, on defendant's position as one of the most recognized

companies in the world in the sector of baked goods.

57.    Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

58.    The Products did not conform to their affirmations of fact and promises due to defendant's actions and were not merchantable.

59.    Plaintiff and class members relied on defendant's claims, paying more than they would have.

<u>Fraud</u>

60.    Plaintiff incorporates by references all preceding paragraphs.

61.    Defendant's purpose was to sell a product which purported to contain only flavoring derived from the food ingredient and/or natural sources, contained sufficient amounts of same and did not contain artificial flavors to resemble, enhance or simulate the two components of the Product – the glaze and fruit filling.

62.    Defendant's fraudulent intent is evinced by its failure to accurately identify the Product on the front label.

63.    Plaintiff and class members observed and relied on defendant's claims, causing them to pay more than they would have, entitling them to damages.

<u>Unjust Enrichment</u>

64.    Plaintiff incorporates by reference all preceding paragraphs.

65.    Defendant obtained benefits and monies because the Products were not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

   **WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, restitution and disgorgement for members of the State Subclasses pursuant to the applicable laws of their States;

4. Awarding monetary damages and interest, including treble and punitive damages, pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   December 30, 2019

                                        Respectfully submitted,

                                        Sheehan & Associates, P.C.
                                        /s/Spencer Sheehan
                                        Spencer Sheehan
                                        505 Northern Blvd., Suite 311
                                        Great Neck, NY 11021
                                        Telephone: (516) 303-0552
                                        Facsimile: (516) 234-7800
                                        *spencer@spencersheehan.com*
                                        E.D.N.Y. # SS-8533
                                        S.D.N.Y. # SS-2056

1:19-cv-11878-GHW
United States District Court
Southern District of New York

Michael Williams, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

Krispy Kreme Doughnut Corporation,

Defendant

## Class Action Complaint

```
Sheehan & Associates, P.C.
 505 Northern Blvd., #311
   Great Neck, NY 11021
   Tel: (516) 303-0552
   Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  December 30, 2019

                                                      /s/ Spencer Sheehan
                                                      Spencer Sheehan