

Philip H. Cohen
Tel 212.801.2145
Fax 212.224.6132
cohenp@gtlaw.com

July 16, 2020

**VIA ECF & EMAIL**

District Judge Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:  *GHW Williams v. Krispy Kreme Doughnut Corporation*
> Case No: 1:19-cv-11878 - **Request for a Pre-Motion Conference**

Dear Judge Woods:

    We represent defendant Krispy Kreme Doughnut Corporation ("Krispy Kreme" or "defendant") in the above-referenced matter. Pursuant to Rule 2(A) of Your Honor's Individual Practices, we write to request a pre-motion conference to discuss our anticipated FRCP 12(b)(6) motion for dismissal of plaintiff's complaint.

    Plaintiff Michael Williams asserts claims on behalf of himself and a putative class of New York consumers (and another 49 state class of other consumers) who purchased Krispy Kreme fruit pies. The basic gist of the claim is the products are deceptively labeled as having "original glazed filling" and that they are "made with real fruit filling and other natural flavors." Plaintiff claims that these label statements are deceptive, because consumers reasonably interpret the labels to mean that the products contain no artificial flavors or ingredients, notwithstanding the fact the ingredient statements disclose that certain artificial flavors are also included. In other words, Plaintiff interprets words like "made with" to mean "made exclusively with," and on that basis asserts statutory and common law claims seeking to recover money in the form of a price premium paid based upon the belief that the products contained no artificial flavors.

    Defendant's motion will raise several bases, all of which are apparent from the face of the Complaint and all of which require dismissal. The labels of the respective products, as depicted in the Complaint, render Plaintiff's interpretation of the labels as not containing any artificial flavors objectively unreasonable. Defendant believes this can be determined on a motion to dismiss, because it is not plausible to read the label as saying things it does not say. Since Plaintiff is a citizen of New York and claims he bought the Product in New York, the laws of New York will apply to his statutory claims under New York G.B.L. §§ 349 and 350, as well as his claims for breach of warranty, which require application of the "reasonable person" standard. Similarly, his tort claims (fraud and negligent misrepresentation) require reasonable reliance as an essential

Hon. Gregory H. Woods
July 16, 2020
Page 2

element as well, and the reasonableness of reliance can be assessed at the motion to dismiss stage. *Terra Sec. ASA Konkursbo v. Citigroup, Inc.*, 740 F. Supp. 2d 441, 449-51 (S.D.N.Y 2010).  It is also well-settled in this Circuit that the objective reasonable person standard can be applied at the motion to dismiss stage and result in dismissal.  *Kommer v. Bayer Consumer Health*, 252 F. Supp. 3d 304, 310-11 (S.D.N.Y. 2017) (explaining the reasonable person standard is an objective inquiry that may be decided as a matter of law (citing *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013)).  Plaintiff's breach of warranty claims similarly turn upon a reasonable interpretation of the Product's claims. *Atik v. Welch Foods, Inc.*, No. 15-cv-5405, 2016 U.S. Dist. LEXIS 136056, at *43-44 (E.D.N.Y. Sept. 30, 2016).[1]  Accordingly, the Court can adjudicate the reasonableness of Plaintiff's interpretation of the labels as a matter of law at the motion to dismiss stage.

Defendant believes that addressing these issues at the outset by way of a motion to dismiss will be efficient and avoid the need to address other infirmities later, such as at class certification. Specifically, Krispy Kreme notes that Plaintiff, as a New York citizen, lacks standing to sue on behalf of consumers who bought the products in other states, and whose purchases would be governed by the laws of other states.  Krispy Kreme further notes that it is not a citizen of New York and thus is not "at home" in New York for purposes of personal jurisdiction and thus cannot be held to respond to claims regarding purchases made outside New York by citizens of states other than New York.  Krispy Kreme recognizes that courts in this district and throughout the Second Circuit generally encourage such issues to be resolved at class certification rather than at the pleading stage.  *E.g., Langan v. Johnson & Johnson Consumer Cos.,* 897 F.3d 88 (2d Cir. 2018) (standing of plaintiff to bring suit under consumer protection laws of other states raises predominance issue to be decided at class certification, not standing issues for motion to dismiss); *Suarez v. Cal. Nat. Living, Inc.*, No. 17-cv-9847, 2019 U.S. Dist. LEXIS 34634  (S.D.N.Y. Mar. 4, 2109) (deferring resolution of personal jurisdiction over non-New York consumers until class certification).  Thus, any motion Krispy Kreme brings at this stage will expressly reserve its rights to challenge both personal jurisdiction and standing on those grounds.  However, Krispy Kreme submits that disposing of the case based upon the "reasonable person" standard now will avoid reaching those issues at all.

For all of the above reasons, we respectfully ask the Court to schedule a pre-motion conference. We note that, in accordance with Your Honor's Individual Practices, Rule 2(A), this request serves to stay our deadline to answer or move with respect to the amended complaint.

Respectfully submitted,

*/s/  Philip H. Cohen*

Philip H. Cohen

cc:   Rick L. Shackelford (*pro hac vice* admission pending)
      All Counsel of Record (via ECF)

---

[1] Krispy Kreme believes that the non-existence of any form of warranty created by the Product label also can be adjudicated as a matter of law.

**Greenberg Traurig, LLP | Attorneys at Law**